UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| ROBERT GRUNDSTEIN, | CASE NO. 1:09 CV 2110 |
| Plaintiff, | JUDGE DONALD C. NUGENT |
| v. | |
| EIGHTH DISTRICT COURT OF APPEALS, et al., | MEMORANDUM OF OPINION AND ORDER |
| Defendants. | |

Pro se plaintiff Robert Grundstein filed the above captioned action under 42 U.S.C. § 1983 against the Ohio Eighth District Court of Appeals and the State of Ohio. In the complaint, plaintiff alleges the Eighth District Court of Appeals did not properly decide his appeal. He seeks reinstatement of his appeal, and monetary damages.

Mr. Grundstein filed a supplement to his Complaint which he titled "Amended Complaint" on October 19, 2009. Although he added the Cuyahoga County Commissioners as defendants, he did not specify a legal claim he intended to assert against them. He also amended his prayer for relief to ask this Court for, "1) comprehensive appellate review, 2) stays against the application of pertinent lower court order, rulings, and judgments and 3) injunctive relief" which

he set forth as follows:

> 1. For complete appellate review of all orders, judgments, and rulings in 03-CV-513849, Cuyahoga County Court of Common Pleas;
>
> 2. For a stay against the application of all orders, judgment[s] and rulings in 03-CV-513849 during the pendency of this proceeding;
>
> 3. For all relevant dockets and journal entries in the State of Ohio to reflect this stay;
>
> 4. For an INJUNCTION against the present and future application of the journalized orders in 03-CV-513849 by which Grundstein is declared to have violated ORC 2323.51 and 2323.51 [sic];
>
> 5. For an INJUNCTION against the present and future application of the $5000.00 judgment lien entered in 03-CV-513849 against Grundstein for violation of ORC 2323.51 (frivolous conduct).

(Am. Compl. at 2-3.)

## Background

This action centers on a transaction that took place nearly a decade ago. Mr. Grundstein's mother, Dorothy Grundstein, and his sister, Margaret Grundstein, entered into a contract with Wolf's Fine Art Auctioneers to sell numerous pieces of furniture and artwork on consignment. See Grundstein v. State of Ohio, No. 1:06 CV 2381 (N.D. Ohio filed October 2, 2006)(Gaughan, J.)[1] George Bielert was the manager of Wolf's Fine Art Auctioneers which also conducted business as ewolf.com, LLC and Wolf's Gallery, Inc. ("Wolf's"). Id. Wolf's sold the Grundsteins' art and furniture at auction for over $7,000.00. Prior to the delivery of the proceeds

---

[1] The facts set forth in the Complaint are not clearly stated, and assume a prior knowledge of matters not set forth in the pleading. The court will, therefore, refer to Grundstein v. State of Ohio, No. 1:06 CV 2381 (N.D. Ohio filed October 2, 2006)(Gaughan, J.), an earlier complaint which was filed by Mr. Grundstein on these same issues. That action will be considered only to the extent necessary to clarify the claims before the Court in the present action.

from the sale, however, Wolf's terminated its business operations, and the Grundsteins did not receive payment for their merchandise. Id.

Dorothy Grundstein and Margaret Grundstein filed suit in 2001 in the Cuyahoga County Court of Common Pleas, Case No. CV-488903, and obtained a default judgment against Wolf's Gallery, Inc. for $ 7,100.00. Id. Apparently unsatisfied with that judgment, Robert Grundstein filed suit on behalf of his mother against Mr. Bielert in Cuyahoga County Court of Common Pleas Case No. CV483320. The case was dismissed without prejudice because Mr. Grundstein is not licensed to practice law in the State of Ohio.[2] Id. Thereafter, Dorothy Grundstein assigned her rights under the consignment contract to her son and he refiled the case against Mr. Bielert, eWolf's.com, and Wolf's Gallery, Inc., Case No. CV-513849. Mr. Bielert responded with a Motion to Dismiss. The trial court granted Mr. Bielert's Motion, but dismissed the claims against all of the defendants with prejudice. Id. Mr. Grundstein appealed that decision to the Ohio Eighth District Court of Appeals. The Ohio Court of Appeals reversed that decision in part, finding that dismissal of the claims against eWolf's.com and Wolf's Gallery, Inc. was not proper because service had not been perfected on eWolf's.com and Wolf's Gallery, Inc. Id. The case was remanded to the Court of Common Pleas solely for consideration of the claims against eWolf's.com and Wolf's Gallery, Inc. The dismissal of the claims against Mr. Bielert, however, was upheld. Id.

Although the claims against Mr. Bielert had been dismissed with prejudice, Mr. Grundstein continued to litigate the action as though Mr. Bielert were still a party. He filed multiple and repeated motions to amend his complaint to bring Mr. Bielert into the action. Id. When those

---

[2] Mr. Grundstein is an attorney licensed to practice law in the State of Washington. He currently resides in Vermont.

3

motions were denied, he filed an amended complaint without leave of court. He filed motions to "pierce the corporate veil," motions for default judgment, and repeated motions to reconsider the denial of the other motions. Id. In response to his motions, the court continued to remind Mr. Grundstein that Mr. Bielert was no longer a party to the case. Id. Undeterred, Mr. Grundstein then initiated a third action against Wolf's Gallery, Inc. in the Cuyahoga County Court of Common Pleas, Case No. 572848. Id. While this action did not directly name Mr. Bielert as a defendant, it also sought to "pierce the corporate veil" to allow Mr. Grundstein to pursue the matter against Mr. Bielert. Id.

Mr. Bielert responded by filing a Motion for sanctions and a Motion to have Mr Grundstein declared to be a vexatious litigator. A hearing was scheduled for September 19, 2005. Mr. Bielert was present with his attorney; however, Mr. Grundstein did not attend. At the conclusion of the hearing, Cuyahoga County Common Pleas Court Judge Lillian Greene declared Mr. Grundstein to be a vexatious litigator and he was ordered to pay attorney fees to Mr. Beilert in the amount of $ 4,949.00. Id. Mr. Grundstein requested leave to file Writ of Prohibition and Writ of Mandamus actions against Judge Greene claiming she did not have personal jurisdiction to issue her order. He was denied leave to file these actions. Id. Because he had not obtained service on the defendants who were still parties to the action, the Court of Common Pleas dismissed the underlying action.

Mr. Grundstein filed an appeal of the decision to declare him to be a vexatious litigator as well an appeal of the dismissal of his case. The Eighth District Court of Appeals dismissed the appeal of the vexatious litigator declaration as untimely. The Court of Appeals also dismissed the appeal of the underlying action.

Mr. Grundstein appealed both decisions to the Ohio Supreme Court. On August 2, 2006, the Ohio Supreme Court declined to hear his discretionary appeal. Mr. Grundstein then filed a series of actions for extraordinary writs in the Eighth District Court of Appeals and the Supreme Court of Ohio. Eventually, the Ohio Supreme Court also declared Mr. Grundstein to be a vexatious litigator on June 3, 2009.

His unsuccessful attempts at litigation in the state court system did not deter Mr. Grundstein from filing claims in federal court. He filed Grundstein v. State of Ohio, No. 1:06 CV 2381 (N.D. Ohio filed October 2, 2006)(Gaughan, J.), asking this Court declare Ohio's vexatious litigant statute, OHIO REV. CODE § 2323.52, to be unconstitutional, both on its face, and as it applies to him. In that action, he asked the Court to overturn the judgment against him. The action was dismissed sua sponte on December 5, 2006 pursuant to Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999). The Court held that the statute on its face was constitutional and that the Court lacked subject matter jurisdiction to review the validity of a state court judgment. Mr. Grundstein appealed that decision. The Sixth Circuit Court of Appeals affirmed the District Court's judgment on April 17, 2008.

Mr. Grundstein has now filed the within action against the Eighth District Court of Appeals, the State of Ohio, and the Cuyahoga County Commissioners, once again challenging the state courts' decisions. Specifically, he challenges Judge Greene's declaration that he is a vexatious litigator. He claims the Eighth District Court of Appeals "erroneously dismissed the appeal for being filed after the statutory 30 day period and/or failure to request 'leave to proceed.'" (Compl. at 2.) He claims he timely filed his appeal. He contends Judge Greene's "dockets were always confusing, erratic, and haphazardly performed." (Compl. at 3.) He claims he was denied access to

5

the courts, due process and equal protection. He asserts his notice of appeal was timely and Court of Appeals erred when it dismissed his case.

## Analysis

While pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court may dismiss an action sua sponte if the complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction. Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999)(citing Hagans v. Lavine, 415 U.S. 528, 536-37 (1974)). The claims asserted in this action satisfy these criteria.

### Rooker-Feldman Doctrine

United States District Courts do not have jurisdiction over challenges to state court decisions even if those challenges allege that the state court's action was unconstitutional. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 483 n. 16 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923). Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari. Id. Under this principle, generally referred to as the Rooker-Feldman Doctrine, a party losing his case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates his or her federal rights. Johnson v. DeGrandy, 512 U.S. 997, 1005-06 (1994). Federal jurisdiction cannot be invoked merely by couching the claims in terms of a civil rights action. Lavrack v. City of Oak Park, No. 98-1142, 1999 WL 801562, at *2 (6th Cir. Sept. 28, 1999); see Valenti v. Mitchell, 962 F.2d 288, 296 (3d Cir.1992).

6

The United States Sixth Circuit Court of Appeals has applied two elements to a Rooker-Feldman analysis. First, in order for the Rooker-Feldman doctrine to apply to a claim presented in federal district court, the issue before the court must be inextricably intertwined with the claim asserted in the state court proceeding. Catz v. Chalker, 142 F.3d 279, 293 (6th Cir. 1998); see Tropf v. Fidelity National Title Insurance Co., 289 F.3d 929, 937 (6th Cir. 2002). "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state court judgment." Catz, 142 F.3d at 293. The Rooker-Feldman doctrine applies when the party losing his case in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself. Coles v. Granville, 448 F.3d 853, 857-59 (6th Cir. 2006). Second, the Rooker-Feldman doctrine precludes a district court's jurisdiction where the claim is a specific grievance that the law was invalidly or unconstitutionally applied in plaintiff's particular case as opposed to a general constitutional challenge to the state law applied in the state action. Id.; Tropf, 289 F.3d at 937.

Contrary to the Mr. Grundstein's assertions, he is clearly seeking federal appellate review of the state court judgments against him. All of the allegations in these causes of action concern specific grievances that the law was incorrectly applied to plaintiff's case, and are clearly predicated on his belief that the state courts were mistaken in rendering their decisions against him. Moreover, plaintiff requests "complete appellate review of all orders, judgments, and rulings in 03-CV-513849, Cuyahoga County Court of Common Pleas" and asks this Court to enjoin the execution of those state court judgments. (Am. Compl. at 2-3.) Any review of the constitutional claims asserted in this context would require the Court to review the specific issues addressed in the state

court proceedings against him. This Court lacks subject matter jurisdiction to conduct such a review or grant the relief as requested. <u>Feldman</u>, 460 U.S. at 483-84 n. 16; <u>Catz</u>, 142 F.3d at 293.

### Vexatious Litigant

Moreover, Mr. Grundstein has established a pattern of filing complaints in this Court which are patently frivolous and vexatious, and which appear calculated to harass the defendants and abuse the judicial process. He has been told on three prior occasions that this Court cannot interfere in a pending state court action and cannot overturn a state court judgment. See <u>Grundstein v. North Royalton</u>, No. 1:09 CV 32 (N.D. Ohio Mar. 24, 2009)(O'Malley, J.)(finding that this federal court could not interfere in a pending state court proceeding); <u>Grundstein v. Ohio Attorney General</u>, No. 1:09 CV 31 (N.D. Ohio Jan. 9, 2009)(O'Malley, J.)(finding that this federal court could not interfere in a pending state court proceeding); <u>Grundstein v. State of Ohio</u>, No. 1:06 CV 2381 (N.D. Ohio Dec. 5, 2006)(Gaughan, J.)(finding, in part, that this federal court lacked jurisdiction to review a state court judgment). In addition, the United States Sixth Circuit Court of Appeals has also informed Mr. Grundstein that a federal district court lacks subject matter jurisdiction to overturn a state court judgment against him. See <u>Grundstein v. State of Ohio</u>, No. 07-3069 (6th Cir. Apr. 17, 2008). Although Mr. Grundstein is proceeding <u>pro se</u> in this action, he is an attorney licensed to practice law in the State of Washington. As such, he knows or reasonably should know at this point that his repeated attempts to obtain review of state court matters are frivolous. Undeterred by this knowledge, he continues to file challenges to state court actions.

Federal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs the ability to carry out Article III functions. <u>Procup v. Strickland</u>, 792 F.2d 1069, 1073 (11th Cir. 1986). Moreover, this Court has the responsibility

8

to prevent litigants from unnecessarily encroaching on judicial machinery needed by others. Id. To achieve these ends, the United States Court of Appeals for the Sixth Circuit has approved enjoining vexatious and harassing litigants by requiring them to obtain leave of Court before submitting additional filings. Filipas v. Lemons, 835 F.2d 1145 (6th Cir. 1987); Wrenn v. Vanderbilt Univ. Hosp., Nos. 94-5453, 94-5593, 1995 WL 111480 (6th Cir. Mar. 15, 1995)(authorizing a court to enjoin harassing litigation under its inherent authority and the All Writs Act, 28 U.S.C. § 1651(a)(citations omitted)).[3]

Mr. Grundstein has given every indication that he will continue to file frivolous actions in this Court. Accordingly, Robert Grundstein is permanently enjoined from filing any new lawsuits or other documents without seeking and obtaining leave of Court in accordance with the following:

> 1. He must file a "Motion Pursuant to Court Order Seeking Leave to File" with any document he proposes to file and he must attach a copy of this Order to it (any such motion should be filed in a miscellaneous case).
>
> 2. As an exhibit to any motion seeking such leave, he must also attach a declaration which has been prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit certifying that (1) the document raises a new issue which has never been previously raised by his in this or any other court, (2) the claim or issue is not frivolous, and (3) the document is not filed in bad faith.
>
> 3. By means of a second exhibit, he must identify and list: (a) the full caption of each and every suit which has been previously filed by his or on his behalf in any court against each and every defendant in any new suit he

---

[3] Other circuits have endorsed enjoining these types of filers. See, Day v. Allstate Ins. Co., 788 F.2d 1110 (5th Cir.1986); Cotner v. Hopkins, 795 F.2d 900 (10th Cir. 1986); Procup v. Strickland, 792 F.2d 1069 (11th Cir. 1986); Franklin v. Murphy, 745 F.2d 1221 (9th Cir. 1984); In re Martin-Trigona, 763 F.2d 140 (2d Cir. 1985); In re Green, 669 F.2d 779 (D.C. Cir. 1981)(per curiam); Green v. Warden, 699 F.2d 364 (7th Cir. 1983), cert. denied, 461 U.S. 960 (1983); Green v. White, 616 F.2d 1054 (8th Cir. 1980) (per curiam); Gordon v. Dep't of Justice, 558 F.2d 618 (1st Cir. 1977); Gambocz v. Yelencsics, 468 F.2d 837 (3d Cir. 1972).

>wishes to file, and (b) the full caption of each and every suit which he has currently pending.
>
>4. As a third exhibit to the motion, he must provide a copy of each complaint identified and listed in accordance with the foregoing paragraph 3 and a certified record of its disposition.

The Court may deny any motion for leave to file if the proposed document is frivolous, vexatious or harassing. If the motion is denied, the document shall not be filed. Further, plaintiff's failure to comply with the terms of this Order shall be sufficient ground for this Court to deny any motion for leave to file, and may be considered an act of contempt for which he may be punished accordingly.

Further, to prevent future harassment by plaintiff and the waste of this Court's limited resources, the Clerk's Office is hereby ordered as follows:

(1) Any document submitted by Mr. Grundstein prior to him obtaining leave to file shall not be filed unless it is <u>specifically identified</u> as a "Motion Pursuant to Court Order Seeking Leave to File," and unless it contains: 1) an affidavit or sworn declaration as required by this order; 2) a copy of this Memorandum of Opinion; and, 3) the exhibits required by this Memorandum of Opinion.

(2) The Clerk's Office shall not accept any filing fees, cover sheets, in forma pauperis applications, summonses, or U.S. Marshal Forms, in connection with any Motion Pursuant to Court Order Seeking Leave to File which Mr. Grundstein files, unless and until leave is granted.

## Conclusion

Accordingly, this action is dismissed. Furthermore, Mr. Grundstein is enjoined from filing any new lawsuits or other documents without seeking and obtaining leave of Court as set forth

in the Memorandum of Opinion and Order. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[4]

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: December 23, 2009

---

[4] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.